E-FILED
Monday, 22 September, 2008  05:19:06 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| JAMES EARL GOODE,           )<br>                             )<br>     Petitioner,            )<br>                             )<br>v.                           )<br>                             )<br>UNITED STATES OF AMERICA,    )<br>                             )<br>     Respondent.            )  | No. 08-cv-4050 |

## O P I N I O N   A N D   O R D E R

    Petitioner, James Earl Goode, is before the Court on a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1]. On September 12, 2008, Petitioner filed a Motion for Appointment of Counsel [Doc. 2]. For the following reasons, the Motion for Appointment of Counsel is DENIED. Additionally, the Court orders Respondent to file an answer or responsive pleading within sixty (60) days of service of this Order.

    Petitioner is not entitled to appointed counsel. The decision of whether to appoint counsel in a federal post-conviction proceeding is within the Court's discretion. 28 U.S.C. § 3006A(a)(2)(B); Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). The Court also has broad discretion in deciding whether to request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1); Pruitt v. Mote, 503 F.3d 647, 653-55 (7th Cir. 2007). Prior to requesting an attorney to represent a civil litigant who is unable to afford counsel, the Court must determine that the litigant has made a reasonable attempt to obtain counsel independently. Pruitt, 503 F.3d at 654-55. Only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court further consider if a request to counsel necessary. Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). In this case, Petitioner has not made the threshold showing

that he undertook an independent attempt to obtain the assistance of counsel.  This fact alone is sufficient to support the Court's decision not to request counsel to represent Petitioner.  Moreover, the Court does not find that justice requires the appointment of counsel to Petitioner at this time.  Accordingly, Petitioner's request for appointed counsel is DENIED.

As to Petitioner's Section 2255 motion, the Court has made an initial review of the motion, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Court has decided that there could be merit to some of the claims in the motion.  Therefore, Respondent shall file an answer or responsive pleading within sixty (60) days of service of this Order.  Respondent should address any facts that would establish whether Petitioner has procedurally defaulted any of his claims.  In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The clerk is directed to serve a copy of Petitioner's Section 2255 motion, by certified mail, upon Respondent.

ENTERED this 22nd day of September, 2008.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge